### GEORGE F. COLBY V. TOLEDO ET AL.

**1. APPROPRIATION—PROBATE JURISDICTION—COLLATERAL ATTACK.**

The probate court has jurisdiction, in an action by a railway company to appropriate property used for park purposes, to determine the right to appropriate, the necessity for it, and other jurisdictional issues, and its finding is conclusive upon the questions involved and cannot be collaterally attacked. The only remedy is by proceedings in error.

**2. CITY MAY WAIVE RIGHT TO JURY.**

A city, in an action against it to appropriate property already devoted to public use, after the preliminary questions as to jurisdiction and parties have been determined, may waive the right to have the question of assessment of damages submitted to a jury, and consent to have the same determined by the court; and may agree to receive a certain amount in compensation therefor, if the city authorities act in good faith and receive a fair compensation therefor.

**3. PARK PROPERTY MAY BE APPROPRIATED BY RAILWAY.**

Property already appropriated to the uses and purposes of a public park may be subjected to the uses and purposes of a railway company.

APPEAL.

*Kinney & Newton,* for plaintiff, cited.

1. Where property has already been appropriated for public use, it cannot be taken for another public use which will defeat or supersede the former use, unless power to make such second appropriation is granted expressly or by necessary implication. In this case no such power is granted. A railroad corporation can acquire by appropriation only such rights as it might acquire with the city. The same property cannot possibly be used both for railroad purposes and for park, the two uses being absolutely inconsistent with each other, and the use of park property for railroad purposes necessarily prevents the use of the same property for park purposes. (The city has no power to enter into an agreement giving the railroad company the right to use park property, nor has the probate court any jurisdiction to grant to a railroad company the right to use park property for railroad purposes.) Railroad Co. v. Belle Center (Vil.), 48 Ohio St., 273 [27 N. E. Rep. 464]; Street Ry. Co. v. Street Ry. Co., 50 Ohio St. 603, 616 [36 N. E. Rep. 312]; State v. Railway Co., 37 Ohio St. 157; Zanesville v. Fannan, 53 Ohio St., 605 [42 N. E. Rep. 703]; Cleveland City Cable Ry. v. Barris, 1 O. S. C. D. 333; In re Boston & Albany R. R. Co., 53 N. Y. 574; In re New York & Brighton Beach R. R. Co., 20 Hun. 201; Railroad Co. v. Defiance, 52 Ohio St. 262 [40 N. E. Rep. 89].

2. In order to give the probate court jurisdiction, it must appear that the railroad company and the city were unable to agree. In this case it appears conclusively, not only by resolution passed by the common council, but also by the terms of the judgment entered by the probate court, that the city and railroad company had agreed on all the terms, and that for this reason the probate court had no jurisdiction. Dayton and Western R. R. Co. v. Marshall, 11 Ohio St. 497.

3. As to the right to enjoin the common council: 2 High on Injunctions (3 ed.), Secs. 1240, 1241; Dillon on Municipal Corporations, Sec. 922; Roberts v. Louisville, 17 S. W. Rep. 216 [92 Ky. 95; 13 L. R. A. 844]; International Trading Stamp Co. v. Memphis, 47 S. W. Rep. 136 [101 Tenn. 181]; Forsythe v. Winans, 44 Ohio St. 277 [7 N. E. Rep. 13].

*M. R. Brailey*, city solicitor, and *King & Tracy*, for the defendants.

HAYNES, J.

This case comes into this court by appeal. It was heard by us last fall upon a motion, and after a very full and careful consideration of the question, realizing as we did the importance of it to the parties and especially the earnestness with which the parties represented by the plaintiff urged that the city was violating their rights, we made a decision upon the general questions there involved and delivered an opinion at the time as fully and as carefully as we were able. [Unreported.] Since that time there has been an amended petition filed setting up that certain things had been done in the probate court, making the Manufacturers Railway Company a party to this suit, and the case has come for hearing upon the evidence and upon the issues that have been joined. Testimony has been offered on behalf of the plaintiff, to which objections were made at the time by counsel representing the railway company and the city, and we took it subject to their objections with the right to them to move to rule it out, for the purpose of enabling us to investigate the questions before we should rule upon it.

The case stands something like this: A petition was filed for the appropriation of the property in question and the matter was pending in the probate court, service having been obtained upon the persons who were named parties to the suit. The plaintiff then filed his petition in this court—perhaps first in the common pleas and then brought it into this court—and set up that there was some collusion between the plaintiff and defendant, and set up that the city was violating its powers in that it was permitting or consenting that the railway company might pass through the property in question, it being park property; that it was already subject to one public use and could not be subjected to another, and that case came on for hearing on a motion for an injunction and the injunction was refused.

The parties then went into the probate court, as appears by the supplementary petition, and proceeded with this appropriation, and the record of the appropriation shows that the case came on first for hearing upon the petition of the railway company, in which it had set up the usual allegations, that it was necessary for it to, have this property for the uses and purposes of the corporation, and setting up that the parties were unable to agree in regard to the price, etc., and then set up matters necessary to be set up and found by the court before the parties proceeded with the appropriation of the property and the assessment of its value.

Having done that, an amendment was filed to the petition in which it set up that there were certain things that they did not desire; that there were certain things that the railway company would do and would not do in regard to the property.

Thereupon a jury was waived as between the parties to the suit and the matter was submitted to the court, and upon the evidence and the

Colby v. Toledo.

admissions of the parties and upon their agreement, perhaps, the amount and value of the property was assessed at a certain sum, I think $5,000.00, and the usual order was made in regard thereto. The corporation paid the money and proceeded to take possession of the property and used and occupied it for railroad purposes.

Now, in regard to the original question of the right of the railway company to appropriate this property, we are content with the decision which we have already made and with that statement of our views in regard to that question. We endeavored to state them fully and at length and could do no more than restate them if we undertook it here. We find that the probate court had jurisdiction to hear and determine the questions that were presented by the railway company to it, as to its right to appropriate the property, as to the necessity for its appropriating the property, and having found that and other jurisdictional issues, and that the probate court had jurisdiction of the parties, we think it follows, and so thought at the time the evidence was offered, (following, as we understand the decision of the Supreme Court) that so having that jurisdiction the questions involved in the case, after and from that time, were subject to the jurisdiction of that court, and that the finding of that court is final upon the question unless they are taken up in the ordinary way by error and that they cannot be collaterally inquired into in an action of this kind.

The case of Cincinnati, S. & C. R. R. v. Belle Centre, in 48 Ohio St. 273 [27 N. E. Rep. 464], is a case where the decision is made, as we think, for in that case the village of Belle Centre had, undertaken to appropriate certain lands which belonged to the railroad company, for the uses and purposes of the village, I believe for the purpose of building upon them a village prison, and the railroad company there defended upon the ground that the property belonged to it and was acquired by it for the purposes of a railroad, and that it was necessary for the uses and purposes of the railroad, and that the village had no right to appropriate it. It also alleged that it had never been served with process or made a party to the suit in any manner or form, and the company was brought in, I believe, by publication, while they were a domestic corporation. The Supreme Court held, that that court having been invested under the constitution and laws of the state of Ohio, with authority to hear these questions, it being a court of record and having a right to pass upon the question of the service of the corporation and its jurisdiction, that the decision of that court in that respect and upon the questions arising thereunder, was final and conclusive and could not be collaterally impeached in the case before the court, and that case, I believe, was an injunction suit as in this case.

It follows, therefore, that the testimony that was offered for the purpose of showing that this would be an injury to the city; that it could not be done, and various matters offered in the case in the oral testimony, should not have been received, and if the defendant desires to renew its application to have the testimony stricken out, it will be so ordered by the court.

It is claimed, however, that it appears in the case that at some time during the case there was some consent between the parties; that there was an agreement as to the price to be paid. Upon examination, the record shows that the main questions were decided first and the questions which gave to the court jurisdiction to hear and determine the question of the amount of damages, that is to say, it had arrived at that

point where ordinarily a jury should be called for the purpose of assessing the damages, but the party who had the right to have the value of its property assessed by a jury waived that, as did the other party, and consented that it should be heard by the court and it consented and agreed that a certain amount might be received by the way of compensation. We can see no error in this; there is no question but that, at that stage of the proceedings, the authorities had a right to do what they were doing, if they did it in good faith and doing as they ordinarily and probably would in obtaining from the railway company the largest sum that they could, or an amount, at least, that they thought was full compensation for the damages.

The question was argued somewhat before us as to whether this plaintiff should not have the right to enjoin here because he had no right to make objections in probate court. I have not given the matter a great deal of attention, but I doubt very much whether a party would be allowed to come in and intervene in that court in a case of that kind. It is true that, in cases where a petition in error or appeal should have been prosecuted by a corporation, and they have refused to so proceed, members have been permitted to file petitions in error, being interested in the subject matter of the suit, but in a case of this kind, where the whole matter is represented by the corporate authorities, it seems to us that a different rule might prevail.

I know when they were establishing the street railways here and it was sought to lay down a track through Huron street, from Adams to Bush streets, parties undertook to enjoin the city and a suit was brought by Mr. Simmons for that purpose. [ See Simmons v. Toledo, 3 Circ. Dec. 64 (5 R. 124). It was held that Mr. Simmons not being a property owner on the street, though a citizen of the town and interested in the public streets, had no right to come in by the way of injunction and seek to restrain a corporation from passing through that street after it had obtained consent from the city council. Thereupon a suit was brought by his wife [ See Simmons v. Toledo, 4 Circ. Dec. 69 (8 R. 535)], who owned property on the street, and a decision was rendered in favor of the railway company, which, upon being taken to the Supreme Court, was affirmed by that court.

For that reason, I have doubted in my own mind whether any other party would have a right to come in, any citizen. However, I do not think that is material to the decision of this case. I think the real and the only question here for us to pass upon at this time in this case is, whether or not that court had jurisdiction of the property, jurisdiction to inquire into the question whether the corporation had the right to take that property, whether it had a right to subject it to the uses and purposes of a railroad, although it had before that time been, as it was said, established and appropriated to the uses and purposes of a public park. After a very careful consideration of that question we have decided that the probate court had that jurisdiction, and that its action upon those questions cannot be enquired into in that action; cannot be collaterally impeached or enquired into.